Donnell HOWELL, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent,

Department of Justice, Proposed Intervenor.

Appeal No. 85-2320.

United States Court of Appeals, Federal Circuit.

Feb. 13, 1986.

Donnell Howell, pro se.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, David C. Kane, Reviewer for Litigation and Michael K. Martin, Merit Systems Protection Board, Washington, D.C., submitted for respondent.

Richard K. Willard, Acting Asst. Atty. Gen. and David Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for intervenor.

Before SMITH, NIES and BISSELL, Circuit Judges.

NIES, Circuit Judge.

ORDER

The MSPB has filed a petition for rehearing asserting two grounds therefor:

1. that the court erred in its ruling on the finality date of an MSPB decision, and

2. that, in any event, the merits of that decision were not before the court and,

thus, the court could not reverse on the merits.

The Department of Justice has filed a motion to intervene and a petition for re-hearing by which it seeks to defend the merits of the adverse action (a 30-day sus-pension).

Both motions are dealt with in this order and are denied.[1]

### Background

The Department of Justice imposed a 30-day suspension on Donnell Howell from his position as a correctional officer with the Department of Justice, Federal Prison System, Atlanta, Georgia. In an initial de-cision issued September 28, 1984, the pre-siding official of the MSPB affirmed the agency action and gave notice to Howell that the decision would become the final decision of the board on November 2, 1984, unless Howell filed a petition for review with the full board before that date. How-ell filed a petition for review on November 4, 1984. By notice of November 9, 1984, Howell was provided an opportunity to show good cause why his petition for re-view was not filed in a timely fashion. In his response, Mr. Howell explained that his duty station was placed in an emergency situation on November 1–2, 1984, and that "the nature of his duties during this emer-gency would not permit the time necessary to transact the filing of said petition any sooner than it was submitted."

In an order dated February 21, 1985, the full board held that Howell had failed to establish good cause for waiver of the board's filing deadline and dismissed How-ell's petition as untimely. In the order of dismissal, the board stated that the order was the final order of the MSPB and that the *initial decision* would become final five days from the date of the February 21, 1985, order. The order further notified Howell of his right to seek judicial review in accordance with 5 U.S.C. § 7703 and that the petition for judicial review had to be received by this court no later than 30 days after receipt of the board's order.

Howell appealed to this court within the prescribed time and thereafter duly filed a brief challenging the presiding official's de-cision on the merits. He further chal-lenged the MSPB's decision denying review because of the untimely filing. The MSPB's brief in response was directed sole-ly to the question of the reasonableness of the board's decision on the show cause order. In a footnote, the MSPB asserted that the sole issue before this court was whether Mr. Howell had shown good cause for waiver of the board's time limits.

Since it appeared to the court that peti-tioner was entitled to appeal on the merits in view of the statement in the February 21 order that the *initial decision* became final five days from the date of the order, the court, by order dated September 25, 1985, asked the MSPB to inform the court of the basis for its assertion that the sole issue was the timeliness of the petition for re-view to the full board. The court specifi-cally called the board's attention to the new finality date given to the presiding offi-cial's decision. The MSPB replied that its instructions to Mr. Howell in its February order had been erroneous and that the ini-tial decision of the presiding official be-came final 35 days after its issuance under 5 C.F.R. § 1201.113. MSPB further raised the spectre of interminable delays if the denial of an untimely petition for review revived the merits. The MSPB apologized for its mistake. No alternative defense on the merits was advanced although in a number of cases this practice has been followed.

On October 16, 1985, the court rendered its decision on the appeal. The court con-cluded that the board's order of February 21, 1985, unequivocally extended the finali-ty of the initial decision until February 26, 1985, such extension being within its au-thority under 5 C.F.R. § 1201.117. Fur-ther, as the government had *knowingly* declined to brief the merits, the court con-cluded it had no alternative but to treat the

---

**1.** Petitioner Howell, *pro se,* was not requested to file responses to the motions.

merits as conceded and, therefore, reversed.

In its petition for rehearing, the MSPB brings to the attention of the court that it had filed a letter informing the clerk's office that in accordance with the court's decision in *Hopkins v. MSPB*, 725 F.2d 1368 (Fed.Cir.1984), the board was the proper respondent in the case. In *Hopkins*, a case involving the filing of a petition for attorney fees which the board denied for untimeliness, the court held that, under 5 U.S.C. § 7703(a)(2), "the agency responsible for taking the action being appealed was the proper respondent." Justice and MSPB decided that the instant appeal was a *Hopkins*-type case and only the MSPB responded. In its petition for review, the MSPB reargues the matter of whether the time for filing an appeal to this court had been extended.

■ The time for filing for judicial review is fixed by 5 U.S.C. § 7703(b)(1), which provides, in pertinent part:

Notwithstanding any other provision of law, any petition for review [to Federal Circuit [2]] must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

Thus, the time for judicial review runs from notice of finality. The first possible "notice" is contained in the presiding official's decision itself, namely, the notice that the decision will become final on a particular date. By regulation, the first possible final date is 35 days from the date of issuance. 5 C.F.R. § 1201.113. If nothing is done to avoid finality, the period for judicial review begins running. However, the board may extend the time even *after* the finality date and accept a late-filed petition for review for good cause. 5 C.F.R. § 1201.113 and 1021.117.

■ The question then arises whether a late filed petition to the board filed within the 30-day period for judicial appeal has any effect on that 30-day time period.

That question has not been decided by the court. In this case it was not necessary to do so because the board by its own order extended the time for appealing to the court by changing the finality date of the presiding official's decision. We observe, however, that the presiding official's notice to a petitioner on judicial appeal rights advises that no judicial appeal may be taken while the case is pending before the MSPB. Thus, the filing before the board within the judicial appeal period must be deemed to keep the matter "pending" before the board and preclude the appeal. In effect, the period for judicial appeal is tolled while the matter is being considered by the full board. A petitioner cannot be precluded from filing and at the same time be required to file a judicial appeal.

The court is deeply concerned about having the judicial appeal rights of an employee cut off with respect to the merits by reason of confusing rules. As indicated in *Strickland v. MSPB*, 748 F.2d 681, 683–84 (Fed.Cir.1984):

Respondent also argues that judicial review by this court of the initial decision is barred. Respondent's premise is that the initial decision became final on December 14, 1982 (at the end of the 35 day time limit). Thus, the argument runs, because the petitioner had only 30 days thereafter to seek judicial review, but did not file an appeal until May 7, 1984. The appeal was untimely. We reject the premise and the conclusion.

Finality of an initial decision is governed by 5 C.F.R. § 1201.113. We hold that where, as here, the board erred in dismissing the petition for review, the dismissal should be treated as a denial under subsection (b), i.e., the initial decision became final five days after the board issued its dismissal. Fairness compels the result, otherwise a person in petitioner's position could find himself barred from obtaining any review of an

---

**2.** To avoid confusion of this type petition with one to the full board, we will refer to the peti-

tion to the court herein as a "judicial appeal."

initial decision through no fault of his own.

When a matter is raised to the board during the 30-day judicial appeal time, the order in Howell's case appears entirely appropriate, indeed, *necessary.* The spectre of every untimely filing to the board reviving the merits has no substance. If the judicial appeal period has expired, there is no possibility that the time for appealing is being tolled.

■ The above analysis is part of the reasoning behind the court's decision here and its unequivocal rejection of the MSPB's argument that its extension of time for judicial appeal should be treated as a nullity. To do so would work a manifest injustice. Thus, the court affirms its decision that the time for appeal to this court was extended specifically by the board in this case and the merits were before us.

### The Merits

The MSPB states that it has no authority to waive the merits of the case. The Department of Justice outlines procedures which the MSPB and Justice follow in connection with *Hopkins*-type cases. The Department of Justice usually represents agencies before this court in MSPB proceedings and enters an appearance for the agency when an appeal is filed by an employee. In this case it is happenstance that the Department of Justice is dealing with one of its own employees. Justice advises that the MSPB reviews a notice of appeal from one of its decisions to determine if it is a *Hopkins*-type case. If Justice agrees with the MSPB that the case is a *Hopkins*-type case, Justice so advises the clerk of the court and withdraws its appearance. MSPB and Justice were of the view that the only issue before the court in this appeal was whether the MSPB's refusal to waive the time limits was arbitrary or capricious. Justice states: "Neither petitioner nor the court advised the Department of Justice that our view of the issues before the court in this case was erroneous." Justice agrees with MSPB that MSPB has no authority to abandon or to brief the merits

of the case. It asserts that only Justice could appropriately address the merits of the underlying personnel action taken in this case, citing *Hopkins,* 725 F.2d at 1371–72. Justice faults the court for not advising Justice that the merits of the suspension were before the court and that Justice should have been provided with notice and an opportunity to be heard.

Justice fails to note that *Hopkins* was a case of very limited scope. As stated therein, 725 F.2d at 1372:

This latter view [of naming the agency as respondent] certainly is reasonable in appeals involving issues both on the merits of an agency's action and on the MSPB's procedures, and we do not intend to disturb the practice to date of naming the agency as respondent in such cases.

■ Where the issue concerns a matter of timely filing of an appeal from the agency decision to the MSPB, the case will be limited like *Hopkins* to a single jurisdictional issue. Where, however, the question of timeliness involves a petition for review from an initial decision on the merits to the full board, then the merits may be implicated. *See, e.g., Strickland v. MSPB, supra.*

■ This appeal raises no question of the authority of MSPB to waive the merits. Clearly Justice had authority to waive the merits. That Justice and MSPB read *Hopkins* broadly to suit their purposes cannot deprive Howell of the favorable decision he has received on appeal in this case. The government agencies are not entitled to proceed piecemeal with an appeal. Further, the suggestion that the court must advise the government on whether or not a case is a *Hopkins*-type case is entirely rejected. The court gives no advisory opinions either to one party or to both parties. A case is decided on the issues formally advanced by the parties in their briefs.

For the foregoing reasons, IT IS ORDERED THAT:

(1) The petition for rehearing by the MSPB is denied.

(2) The motion by the Department of Justice to intervene for the purpose of rehearing is denied.

EDWARD S. SMITH, Circuit Judge, dissenting.

With all respect, I dissent. Clearly, the circumstances of this case demonstrate the existence of some confusion in the use of the label *"Hopkins*-type case."* Opinions are not written with the anticipation that certain fact situations will be labeled in hyphenated fashion with the name of any particular litigant. Several issues were involved in *Hopkins*, but that hyphenated label is important only where neither the procedural complaint (timeliness issue) nor the "adverse" action complained of (denial of attorney's fees before the board) is attributable to the employer agency. *Hopkins* articulates the requirement in 5 U.S.C. § 7703(a)(2) that the board shall be designated respondent in all cases appealed from the board except those involving a complaint under section 7701. Whether the confusion results from the anomaly that the exception covers the vast majority of cases is of no moment. Nor is it of particular moment what entity actually appears as respondent in the caption.

What is of moment is that, in this scheme of things, if the action of any employer agency is at issue, that agency will be represented in court by the Attorney-General's designate; if only the action of the board is involved, the board will defend. The instant case is not a *"Hopkins*-type"* case. In this case, a combination of circumstances resulted in a misdesignation of the respondent, which misdesignation contributed to the elimination of the proper respondent's counsel from any meaningful participation in the case. Without assigning fault, if any there be, there are sufficient *causae proximae* to go around, none of which changes the fact that, due to these causes, and not solely due to any act or omission by proper counsel, only one party has briefed the merits of the case, yet the merits have been resolved as well as the procedural complaint.

Obviously, the critical occurrences (1-day lapse in timeliness; 30-day suspension) are not world-shaking events to any of the litigants, but the principle involved is important; it needs clarification, and issues flowing from it are being decided by this court without some of those issues having been fully briefed.

I would grant the motion of the Department of Justice to intervene as well as the motions for rehearing.