**John G. HAGMEYER, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

**Appeal No. 86–1136.**

United States Court of Appeals, Federal Circuit.

June 30, 1988.

**532**

Peter J. Carre, Washington, D.C., submitted for petitioner.

Mary L. Jennings, Associate General Counsel for Litigation, Merit Systems Protection Bd., Washington, D.C., argued for the Merit Systems Protection Bd. With her on the brief were Llewellyn M. Fischer, Acting General Counsel, Marsha E. Mouyal, Reviewer for Litigation and Stephanie M. Conley, Washington, D.C.

David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for Dept. of the Treasury. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., Robert A. Reutershan and Stephen J. McHale, Washington, D.C.

Before MARKEY, Chief Judge, and FRIEDMAN, RICH, DAVIS,* SMITH, NIES, NEWMAN, BISSELL and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

This court, sitting *in banc*, heard arguments on the Merit Systems Protection Board's (MSPB or board) Motion to Reform the Caption in this petition for judicial review of the board's denial of attorney fees.[1] In an Order dated January 16, 1987, we determined that the Department of the Treasury (Treasury), not the MSPB, is the proper party respondent. The Order further provided that in future appeals to this court the MSPB should not be named as respondent where its appellate jurisdiction under 5 U.S.C. § 7701 (1982) was invoked,

or was sought to be invoked, by a petitioner. This *in banc* action overrules our holdings in *Hopkins v. Merit Sys. Protection Bd.*, 725 F.2d 1368 (Fed.Cir.1984), and *Peterson v. Department of Energy*, 737 F.2d 1021 (Fed.Cir.1984). These cases have been the authority for naming the MSPB as respondent in appeals of its decisions relating to timeliness and attorney fees. Similarly overruled is the extension of the *Hopkins* rule and rationale as the basis for naming the MSPB respondent in appeals of its decisions dismissing for lack of jurisdiction. *See, e.g., McCarley v. Merit Sys. Protection Bd.*, 757 F.2d 278 (Fed.Cir. 1985).

The MSPB's Motion to Reform the Caption was filed because, as it stated:

> We believe that *Peterson* should not be read as broadly as it has been, but that it more correctly stands for the proposition that the Board is the proper respondent in attorney fee cases only when they involve the articulation of a new rule by the Board, such as the method of calculating fees. Under this construction of *Peterson*, the interests of employees and the employing agencies, as well as those of the Board will be protected.

Since this interpretation of *Peterson* appeared to be without precedent and contrary to footnote 3 of *Hopkins* (see 725 F.2d at 1372–73 n. 3), we ordered the MSPB and the Department of Justice (Justice), as counsel before this court for Treasury (and other employing agencies), to file supplemental briefs on the proposed reading of *Peterson* and the implications on the underlying *Hopkins* decision. After briefing, the case was argued before this court, *in banc*, and the following Order was issued on January 16, 1987:

> The court has concluded, *in banc*, that MSPB is not the proper party respondent in appeals to this court in cases in which the appellate jurisdiction of the board under 5 U.S.C. § 7701 (1982) was invoked, or was sought to be invoked, by a petitioner to the board. Thus, the MSPB should not be named as the respondent in

---

* Circuit Judge Davis, who died on June 19, 1988, did not participate in this opinion.

1. The attorney fees issue was decided by a panel of this court on August 11, 1987.

an appeal from the denial of attorney's fees by the board or in an appeal from a dismissal by the board for lack of jurisdiction or for untimeliness.

Accordingly, IT IS ORDERED that

1. The MSPB's motion to reform the caption filed on May 28, 1986 is granted. The merits briefs filed herein by the Department of the Treasury shall be treated as the briefs of respondent and those of the MSPB shall be treated, in the absence of a motion to intervene, as briefs amicus curiae.

2. The MSPB shall continue to be the respondent in all other cases which have been docketed with that caption as of the date of this order.

3. Hereafter, the MSPB shall not be the respondent in an appeal to this court from a decision of the MSPB in which the appellate jurisdiction of the board under 5 U.S.C. § 7701 (1982) was invoked, or was sought to be invoked, by a petitioner to the board.

*Hagmeyer v. Department of the Treasury,* 809 F.2d 1581, 1582 (Fed.Cir.1987).

*Background*

Under 5 U.S.C. § 7703(a)(1) (1982) any employee or applicant for employment who is adversely affected or aggrieved by a final order or decision of the MSPB may obtain judicial review. Except for mixed cases, the review is in this court. *See* 5 U.S.C. § 7703(b)(1) (1982) and 28 U.S.C. § 1295 (1982).

In *Hopkins,* petitioner sought review of the board's decision dismissing a request for attorney fees on the grounds of untimeliness. Both the MSPB and Justice raised the matter of the proper respondent. *Hopkins,* 725 F.2d at 1369–70. Although two prior cases, *Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1390 n. 2 (Fed.Cir. 1982), and *Rosano v. Department of the Navy,* 699 F.2d 1315, 1316 n. 4 (Fed.Cir. 1983), had indicated by way of footnote without extended discussion that the MSPB should be the respondent in appeals from dismissals by the board for untimeliness and lack of jurisdiction, the court in *Hop-*

*kins* treated the issue essentially as one of first impression.

In *Hopkins* the applicable statute, 5 U.S.C. § 7703, was set out with the emphasis as indicated below:

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

(2) The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. In review of a final order or decision issued under section 7701, *the agency responsible for taking the action appealed to the Board shall be the named respondent.*

*Hopkins,* 725 F.2d at 1371. The court reasoned, with respect to the emphasized language of the statute, that the employing agency

has not been "responsible for taking the action appealed to the Board"; indeed, no such agency action regarding attorney fees has occurred. Rather, the MSPB has acted by rejecting the fee request on the basis of its own appellate procedural regulations, properly promulgated pursuant to the authority Congress provided under section 7701(a). In such a situation involving purely the MSPB's own appellate procedures, where the employing agency has had no responsibility or involvement whatsoever, logic dictates that Congress intended the MSPB to be named respondent, and that the exception for the agency, a mere bystander in this case, does not apply.

*Id.* at 1371–72.

The court also found in *Hopkins* that the legislative history was ambiguous. The court said that "one could interpret [the legislative history] as supporting our reading of the statute...." *Id.* at 1372. However, the court also noted that it could, as well, be inferred that even where procedural issues are involved in section 7701 cases,

the agency remains the respondent before the court. The touchstone enunciated by the court for determining who is to be named respondent is "the agency responsible for taking the action." *Id.*

Finally, in a footnote, the court opined that the MSPB should be respondent where the attorney fee issue was determined on the merits by the board, although it recognized the opposite construction was entirely possible because a request for attorney fees is filed under section 7701(g)(1). *Id.* at 1372–73 n. 3.

It seems clear from the opinion that the court was concerned with establishing a rule that could be utilized by litigants in captioning their filings with the court. Selection of the proper rule, however, was apparently deemed by the court to be somewhat a matter of choice.

Following the footnote in *Hopkins,* but expressly noting that it was dictum, another panel of this court in *Peterson* held that the MSPB properly should be added as a party respondent in an appeal from the method the MSPB employed in the calculation of a fee award. It found that the MSPB was "responsible for taking the action in issue according to the statute, i.e., selecting the method of calculation." *Peterson,* 737 F.2d at 1022.

In spite of an apparent desire by the *Hopkins* panel to establish a workable rule, that decision has generated some confusion and/or criticism in later cases as illustrated below.

In *Howell v. Merit Sys. Protection Bd.,* 785 F.2d 282 (Fed.Cir.1986), after an initial decision sustaining the agency action, petitioner filed an untimely appeal to the full board. In the order dismissing the appeal, the board stated that it was the final order of the MSPB and that "the *initial decision* would become final" in five days from the date of the order. *Howell,* 785 F.2d at 283. Howell petitioned this court for review, challenging the presiding official's decision on the merits as well as the MSPB's decision denying the appeal because of the untimely filing. The MSPB asserted before this court that untimely filing was the sole issue. When queried by this court

concerning the merits, MSPB contended that its instruction to Howell had been erroneous and that it was too late for petitioner to challenge the presiding official's decision on the merits. MSPB argued that an untimely appeal to the full board, which is denied, does not revive the merits, the merits having become final under 5 C.F.R. § 1201.113 thirty-five days after the presiding official's initial decision was issued. The MSPB accordingly advanced no defense on the merits. This court, believing that MSPB was bound by its instruction to Howell, treated the merits as conceded, and reversed. *Howell,* 785 F.2d at 283–84.

The MSPB's position regarding the sole issue before the court was based on the agreement of Justice and the MSPB that the appeal was a *Hopkins-* type case, requiring only MSPB's participation. In its order denying the motion for reconsideration by Justice and the MSPB, the court stated:

This appeal raises no question of the authority of MSPB to waive the merits. Clearly Justice had authority to waive the merits. That Justice and MSPB read *Hopkins* broadly to suit their purposes cannot deprive Howell of the favorable decision he has received on appeal in this case. The government agencies are not entitled to proceed piecemeal with an appeal. Further, the suggestion that the court must advise the government on whether or not a case is a *Hopkins*-type case is entirely rejected. The court gives no advisory opinions either to one party or to both parties. A case is decided on the issues formally advanced by the parties in their briefs.

*Id.* at 285.

In *Van Fossen v. Merit Sys. Protection Bd.,* 788 F.2d 748, 751 n. 8 (Fed.Cir.1986), the court noted that *Hopkins* and *Peterson* "mandate that, in [attorney] fee cases, the MSPB be the respondent in this court even though the agency (here, HUD) which is not a party to this appeal is responsible for paying any award of attorney fees." In that case petitioner's counsel suggested that it was difficult to enter into realistic settlement negotiations with the agency on

an attorney fees award while the MSPB remains the sole respondent in court and that MSPB has other concerns which inhibit settlement. The court observed that "[i]t may be that agencies should intervene in fee appeals to this court or that both MSPB and the agency should be respondents in those appeals, or that the rule of *Hopkins–Peterson* should be changed." *Id. See also Keely v. Merit Sys. Protection Bd.*, 793 F.2d 1273, 1275 n. * (Fed.Cir. 1986) (a fee case in which the MSPB urged the court "to evaluate the Board's position [footnote omitted] as the position of the United States").

*Tiffany v. Department of the Navy*, 795 F.2d 67 (Fed.Cir.1986), is the obverse of the above cases in that the employing agency was designated as respondent by the petitioner. Because Tiffany in the petition to this court on the merits challenged only the actions and rulings of the presiding official during the MSPB proceedings, the MSPB defended the appeal and sought to designate itself as respondent as it thought *Hopkins* required. The court, citing *Howell*, 785 F.2d at 285, noted that *Hopkins* was a case of limited scope because it affirmed the general rule that if an appeal involves "issues both on the merits of an agency's action and on the MSPB procedures," the practice of naming the agency as respondent should not be disturbed. *Tiffany*, 795 F.2d at 69. The merits were clearly implicated in *Tiffany* in that the action of the Department of the Navy was the subject of the appeal to the board, and it was on that action that the board rendered a final decision. As a result, the court in *Tiffany* followed the admonition of *Hopkins* with respect to a case involving both merits and procedures and held that the Department of the Navy, not the MSPB, was the proper respondent. *Id.*

The procedural history in this case also demonstrates that difficulties have been experienced with the *Hopkins* rule. This is the third time petitioner Hagmeyer has appealed to this court. In the first two appeals Treasury was named as respondent. While the second appeal was pending, Hagmeyer applied to the MSPB for an award of attorney fees, which was denied. A third

appeal was then filed seeking review of that decision, and petitioner again named Treasury as respondent. On March 11, 1986, a Justice attorney entered his appearance for Treasury. The MSPB then filed a motion, on May 28, 1986, captioned with MSPB as respondent, seeking to reform the caption to substitute Treasury as respondent. The motion, as noted above, stated that it had reconsidered *Peterson* and concluded that "it more correctly stands for the proposition that the board is the proper respondent in attorney fee cases only when they involve the articulation of a new rule by the board."

The MSPB then modified its position by advising the Clerk on June 19, 1986 that it was the proper respondent "pursuant to *Hopkins v. MSPB*" and an attorney for the board entered an appearance. Then, on July 3, 1986, Justice advised the court that it agreed with the MSPB view. The board's "Motion to Reform the Caption," however, was not withdrawn.

To complete the procedural scenario, the MSPB on July 15, 1986 filed a motion to remand the case so that the MSPB would have the opportunity to consider intervening precedent of this court. This caused Treasury, represented by Justice, to move to intervene in order to oppose the MSPB's motion. The court granted the motion to intervene on August 21, 1986 and ordered both the MSPB and Treasury to file briefs in response to Hagmeyer's brief. On the same date the court also ordered Justice (as counsel for Treasury and other employer agencies) and the MSPB to file simultaneous supplemental briefs addressing the proper respondent issue.

### Summary of Justice and MSPB Positions

In its briefs and argument, Justice urges that the *Hopkins* rule be overturned so that an employing agency continues as the respondent in this court when MSPB decisions involving timeliness, jurisdiction and attorney fees are being reviewed. It argues that the *Hopkins* rule is neither required by, nor consistent with, the statute and legislative history, that the rationale

for the rule is flawed and that the rule has been difficult to apply in practice. Moreover, it contends that the refinement of the rule to accommodate the MSPB's view of *Peterson* would be unworkable and without statutory basis.

The MSPB, on the other hand, supports the *Hopkins* holding, on the basis that it is not an impermissible interpretation of the statutory language and that it is in tune with the policy considerations that led Congress to enact the Civil Service Reform Act. The MSPB principally contends, however, that two of the types of rulings at issue—timeliness and jurisdiction—are made under its general enabling statute, 5 U.S.C. § 1205 (1982), to decide all matters within its purview, and not under its appellate jurisdiction set forth in section 7701. Accordingly, it argues that *Hopkins* was properly decided, although on grounds not considered in that decision. While acknowledging that there have been instances in which the *Hopkins* rule has caused confusion or created other problems, the MSPB views these as isolated exceptions and points to the fact that the vast majority of the cases have been defended by Justice and the MSPB in their respective roles under the *Hopkins* rule without difficulty. The MSPB concedes that it could be argued that attorney fees decisions are made under section 7701 instead of section 1205 because of the specific reference to such fees in section 7701(g)(1). Nevertheless, it defends its proposed narrower application of *Peterson*, under which the MSPB would be designated respondent in attorney fees determinations only when it has announced a "new rule" relating to attorney fees, as consistent with the statutory scheme and this court's decisions, as well as easily administrable.

### Discussion

An employee or applicant for employment who is adversely affected or aggrieved by a final order or decision of the MSPB may obtain judicial review of the order or decision. 5 U.S.C. § 7703 (1982). Section 7703(a)(2) provides generally that the MSPB shall be named the respondent in any appeal "unless the employee or appli-

cant for employment seeks review of a final order or decision issued by the Board under section 7701." For cases falling within that exception, including cases appealable to this court as provided in section 7703(b)(1), "the agency responsible for taking the action appealed to the Board shall be the named respondent." 5 U.S.C. § 7703(a)(2) (1982).

The court in *Hopkins v. Merit Sys. Protection Bd., supra,* construed this language of section 7703(a)(2) by placing emphasis on the words "the agency responsible for taking the action," although elsewhere in the opinion the applicable statutory language is quoted in its entirety. The opinion stated:

> In short, the touchstone for determining who is to be named respondent is Congress' own words, "the agency responsible for taking the action". Section 7702(a)(2) [sic, 7703(a)(2) ]. If the parties before this court keep in mind the statutory concept then the confusion which has been occurring regarding the proper respondent in cases such as these will, we hope, be dispelled.

725 F.2d at 1372. On this rationale the court in *Hopkins* concluded that the MSPB was the proper respondent because the matter under review was an order of the MSPB denying an application for attorney fees as untimely and not an action of the employing agency.

Justice argues that the *Hopkins* panel did not accord proper significance to the qualifying words "appealed to the Board" which follow the words relied on in the opinion. It says that the "agency responsible for taking the *action appealed to the Board*" (emphasis added), 5 U.S.C. § 7703(a)(2) (1982), is the employing agency, not the MSPB.

Justice argues that the *Hopkins* court erred in not finding support in the legislative history for the interpretation of the statute it contends is correct. The court in *Hopkins* considered the legislative history to be ambiguous, stating that it could reasonably be read to support either its deci-

sion or a contrary position. The pertinent legislative history is as follows:

> In the interest of clarity, the subsection specifies that when judicial review is sought of an agency action appealed to the Board under Section 7701, the aggrieved employee or applicant should bring the suit against the agency that took the personnel action in question, not the Board.... When the Board orders actions under any other sections, such as the imposition of a fine in a disciplinary action, under Section 1207, or declines to issue a permanent stay under Section 1205(a)(2) [enacted as 5 U.S.C. § 1208], the suit would, of course, be against the Board istelf [sic]. If an employee does seek judicial review of an agency action reviewed by the Board, the Board has the right to intervene in the proceeding. This will be particularly useful where the appeal raises questions of particular significance to the Board, such as the validity of the procedures followed by the Board in the case.

S.Rep. No. 969, 95th Cong., 2d Sess. 62–63, *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2784–85. This excerpt, according to Justice, shows that Congress envisioned the MPSB as an intervenor in a judicial appeal, not as a respondent, where the MSPB's appellate jurisdiction under section 7701 was invoked. Justice suggests this history contemplates that only when the original jurisdiction of the MSPB is involved is the board properly designated as respondent.

In urging that the *Hopkins* case be overturned, Justice also faults the reasoning in that case, particularly the characterization of the employing agency as a mere bystander. The court there stated:

> In the case at hand the employing agency, Justice, has not been "responsible for taking the action appealed to the Board"; indeed, no such agency action regarding attorney fees has occurred. Rather, the MSPB has acted by rejecting the fee request on the basis of its own appellate procedural regulations, properly promulgated pursuant to the authority Congress provided under section 7701(a). In such a situation involving purely the

MSPB's own appellate procedures, where the employing agency has had no responsibility or involvement whatsoever, logic dictates that Congress intended the MSPB to be named respondent, and that the exception for the agency, a mere bystander in this case, does not apply.

*Hopkins*, 725 F.2d at 1371–72.

Justice points out that procedural and jurisdictional rulings cannot be considered in a vacuum; rather, they are dependent in the first instance on there being an agency action, and, secondly, they frequently turn on the agency conduct. It notes that while the *Hopkins* case involved the interpretation of an MSPB regulation, timeliness cases may require an examination of the agency conduct and advise to an employee regarding his appeal rights, *e.g.*, *Yuni v. Merit Sys. Protection Bd.*, 784 F.2d 381 (Fed.Cir.1986); *Casey v. Merit Sys. Protection Bd.*, 748 F.2d 685 (Fed.Cir.1984). Jurisdiction cases likewise may depend on merits issues, such as the nature of the employee's employment or the manner in which the appointment was made, *e.g.*, *McCarley v. Merit Sys. Protection Bd.*, 757 F.2d 278 (Fed.Cir.1985), or the voluntariness of the employee's action, *e.g.*, *Dumas v. Merit Sys. Protection Bd.*, 789 F.2d 892 (Fed.Cir.1986); *Edgerton v. Merit Sys. Protection Bd.*, 768 F.2d 1314 (Fed.Cir. 1985); and, finally, agency action or the agency's conduct must almost always be considered in attorney fees cases where a required determination is whether the fee award "is warranted in the interest of justice," 5 U.S.C. § 7701(g); *see, e.g., Van Fossen*, 788 F.2d at 749; *Keely*, 793 F.2d at 1275. From these examples, Justice concludes that the court's premise in *Hopkins* that the agency is not a real party in interest, but merely a bystander, is incorrect and that there is logic behind Congress' decision to make the agency respondent in all appeals from final orders and decisions of the MSPB issued in its appellate capacity under section 7701.

The MSPB does not seriously challenge the analysis of the statutory language put forth by Justice, although it finds the *Hopkins* decision, in the context of its per-

ceived role in protecting the merit system, to be compatible with the statutory language and supported by its interpretation of the legislative history. The MSPB argues that the statutory language of section 7703 and its legislative history must be read in context with other statutory provisions and legislative history of the Civil Service Reform Act.

In taking this view, however, the MSPB finds it necessary to advance a rationale in support of the *Hopkins* decision that was not considered by the *Hopkins* court. Its position is that the board's decisions under section 7701, in which the agency should be the designated respondent on judicial review, are limited to those in which the merits of the agency action are adjudicated. All other decisions of the board related to appellate review, such as timeliness, jurisdiction and attorney fees decisions, are considered by the MSPB to be made under section 1205 of Title 5 of the United States Code. Because it was described as the "vigorous protector" of the merit system and the "cornerstone" of civil service reform, S.Rep. No. 969, 95th Cong., 2d Sess. at 6–7, *reprinted in* 1978 U.S. Code Cong. & Admin.News 2723, 2729, the MSPB urges that it received from the Congress broad powers to adjudicate all matters within its jurisdiction under 5 U.S.C. § 1205(a) (1982) and to litigate on its own behalf, 5 U.S.C. § 1205(h) (1982). Thus, MSPB views section 1205 as providing "general adjudicatory authority in all cases including those involving threshold issues."

Finding support for the result in *Hopkins* based on such other statutory provisions, the MSPB is then led to an interpretation of the legislative history that differs from Justice's interpretation and, indeed, from the court's analysis in *Hopkins.* Consistent with its view that only merits decisions regarding agency action fall under section 7701, the MSPB argues that the legislative history indicates that the MSPB's status as an intervenor would occur only when the merits of an agency personnel action have been considered by the board. It interprets the references in the legislative history to "agency action reviewed by the Board" as meaning a mer-

its decision, stating "it is evident that 'judicial review of *agency action*' (emphasis added) is not the same thing as judicial review of Board jurisdictional or procedural rulings."

MSPB's argument that timeliness and jurisdictional questions are made under section 1205(a) is unpersuasive. Section 1205(a) is titled "Powers and function of the Merit Systems Protection Board and Special Counsel" and, *inter alia*, provides that the MSPB shall "hear, adjudicate, or provide for the hearing or adjudication, of all matters within the jurisdiction of the Board under this title, ... or any other law, rule or regulation." That section prescribes the duties or responsibilities of the MSPB; it does not purport to confer jurisdiction to adjudicate any specific matters. Rather, it directs that jurisdiction of the board be ascertained from other provisions of "this title" and from other provisions of "law, rule or regulation." *See, e.g.,* 5 U.S. C. § 1207 (relating to the board's original jurisdiction) and 5 U.S.C. § 7701 (1982) (relating to its appellate jurisdiction). Moreover, in *Rosano v. Department of the Navy,* 699 F.2d at 1317, we said "Section 7701 specifies (albeit by referring to other parts of the Civil Service Reform Act and by authorizing regulations) those actions over which the board has subject matter jurisdiction." *See also Rose v. Department of Health and Human Servs.,* 721 F.2d 355 (Fed.Cir.1983).

Consistent with its view that section 7701 only relates to merits decisions, as noted above, MSPB contends that its timeliness and jurisdiction decisions are implicitly made under the authority of section 1205(a). It is not necessary nor is it appropriate, *see Civil Aeronautics Bd. v. Delta Air Lines, Inc.,* 367 U.S. 316, 322, 81 S.Ct. 1611, 1617, 6 L.Ed.2d 869 (1961); *Electronic Data Sys. Fed. Corp. v. General Servs. Admin.,* 792 F.2d 1569, 1579 (Fed.Cir.1986), to rely on implicit or inherent authority of the board for these types of determinations.

Section 7701 provides that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protec-

tion Board from *any action which is appealable to the Board* under any law, rule or regulation." This requires an initial determination of whether a submitted appeal is in fact properly appealable to the board, which would encompass threshold questions of jurisdiction and timeliness. Moreover, when section 7701 is read in conjunction with the language of section 7703(a)(2) providing for judicial review of "a *final order* or decision issued by the Board under section 7701" (emphasis added), it is apparent that section 7701 is not restricted to merits decisions, as the MSPB contends. In view of these express provisions, from which it can be concluded that the board's timeliness and jurisdictional determinations fall under section 7701, we reject the suggestion that implicit or implied authority for such determinations might be found elsewhere.

The MPSB attempts to make essentially the same arguments with respect to attorney fees cases. It concedes that section 7701(g)(1) provides the authority for awarding such fees, but contends that fees decisions are not made under section 7701 because there is no statutory language expressly to that effect. Therefore, the MSPB asserts that "fees decisions are issued pursuant to the Board's general decisional authority under section 1205(a)."

This position was not advocated with a great deal of conviction. That is understandable considering the additional burden of overcoming a statutory provision which was not an obstacle in MSPB's arguments on the timeliness and jurisdictional issues. The award or denial of attorney fees pursuant to the authority of section 7701(g)(1) is, without question, an order or decision under 7701. We reject that there is implicit or implied authority under section 1205(a) to make such determinations for the same reasons as set forth in the timeliness and jurisdictional discussion, *supra.* We note also that MSPB's interpretation of *Peterson* in this proceeding—that routine fees cases should have the employing agency as respondent and the board should be respondent only in those cases involving newly-announced board precedents—undercuts its argument on attorney fees cases. The ma-

jority of such cases would have to be considered as section 7701 decisions for the employing agency to be respondent. See section 7703(a)(2). In the other cases, MSPB's claimed role as respondent depends entirely on the *Hopkins* interpretation of section 7703(a)(2) which we have concluded is erroneous.

Accordingly, we have adopted the position espoused by Justice that in an appeal to this court from a final order or decision under section 7701, the employing agency is the proper respondent. In interpreting the statute we must look first to the plain meaning of the language. *See Civil Aeronautics Bd.*, 367 U.S. at 323–26, 81 S.Ct. at 1617–19. Section 7703 provides that "[i]n review of a final order or decision issued under section 7701, *the agency responsible for taking the action appealed to the Board* shall be the named respondent" (emphasis added). When the entire emphasized phrase is read together, the statute is not ambiguous. Under the plain language it is necessary only to ascertain the action appealed to the board and the agency that took that action. The reliance in *Hopkins* on less than the entire phrase apparently caused this statutory provision to be misconstrued. By truncating the language, the *Hopkins* court put the focus on the agency responsible for creating the issue that is presented to this court, not on the action appealed to the MSPB.

The legislative history, properly analyzed, fully supports the plain meaning of the statutory language. Accordingly, we overrule the *Hopkins* view that it could be interpreted as a basis for a contrary position.

The Senate Report (S.Rep. No. 969, 95th Cong., 2d Sess. 62–63, *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2784–85) "[i]n the interest of clarity" states that upon judicial review the suit (i.e., the petition for review) is brought against the "agency that took the *personnel action* in question, *not the board* " (emphasis added). The MSPB was not in *Hopkins,* nor is it here, the agency that took the "personnel action." Rulings on questions of timeliness, jurisdiction and attorney fees are not

"personnel actions" of an agency. Next, the Report refers to sections of the statute (codified in Title 5) involving the MSPB's original jurisdiction as examples of when the suit would be against the MSPB. Finally, the Report shows that Congress intended the board to be an intervenor in judicial proceedings where the review involves the board's decisions under its appellate jurisdiction. The only exception to such intervenor status mentioned in the legislative history concerns appeals from decisions within the board's original jurisdiction. In those, Congress contemplated that the board would be respondent.

The arguments of Justice pointing out the error of the *Hopkins* court's characterization of the employing agency as a "mere bystander" are also telling. While the issue in *Hopkins* turned solely upon the interpretation of a regulation of the MSPB, other timeliness cases involve the employing agency's conduct. Similarly, Justice points out that jurisdiction and attorney fee issues are usually related to merits issues or depend on agency conduct. In these circumstances, it is appropriate, as the Congress intended, that the employing agency have the status as party in the judicial review proceeding and that MSPB have the status of intervenor if it desires to present its views upon judicial review.

### Conclusion

For the reasons stated, we have concluded that the respondent in an appeal to the MSPB, where a petitioner has invoked, or has sought to invoke, the board's appellate jurisdiction under section 7701, remains the respondent in a judicial review by this court of the MSPB final order or decision.

In view of the conclusion reached, it is unnecessary to consider the proposition originally advanced by the MSPB in this proceeding, *viz.*, that in judicial appeals of MSPB rulings on attorney fees, the MSPB should be the named respondent only when "newly announced Board precedents" have been articulated and that the employing agency should be the respondent in routine fees cases.

In our Order of January 16, 1987, MSPB's Motion to Reform the Caption was GRANTED.