Yusuf D. AMIN, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent,**

and

**Department of Agriculture, Intervenor.**

**Michael A. LAVENDER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent,**

v.

**UNITED STATES POSTAL SERVICE, Intervenor.**

Nos. 91–3271, 91–3281.

United States Court of Appeals, Federal Circuit.

Dec. 17, 1991.

Yusuf D. Amin, pro se.

Michael A. Lavender, pro se.

Mary Jennings, Merit Systems Protection Bd., Washington, D.C., argued for respondent. With her on the brief were Sara B. Rearden, Acting Asst. General Counsel and Michael K. Martin, Attorney. Of counsel were Martha B. Schneider, Patricia A. Price and Llewellyn M. Fischer. Reginal T. Blades, Jr., Dept. of Justice, of Washington, D.C., argued for intervenor. With him on the brief were David M. Cohen, Sharon Y. Eubanks and Jeanne L. Davidson.

Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

COWEN, Senior Circuit Judge.

In these cases, which have been consolidated for the purposes of this decision, the court is called upon to resolve the issues presented in two distinct but related controversies.

The first issue is whether under the provisions of 5 U.S.C.A. § 7703(a)(2) (West Supp.1991), the employing agencies, rather than the Merit Systems Protection Board (MSPB or Board), should be designated as the respondent in the two appeals. This question, which we refer to as the "Caption Issue," comes before the court on motion of the Department of Agriculture (Agriculture) in the *Amin* appeal and that of the United States Postal Service (Postal Service) in the *Lavender* appeal to reform the caption to reflect the employing agency as the respondent in each appeal. For the reasons to be set forth, we grant both motions.

The second issue involves the merits of the appeals of Yusuf D. Amin and Michael A. Lavender from the decisions of the MSPB in docket numbers SF07529010818 and ATO7529010121, respectively. We affirm the Board's decision in both appeals.

## I.

### *The Caption Issue*

#### *Background*

Petitioners Amin and Lavender appealed their removal to the MSPB and entered into settlement agreements before the Board which resolved their appeals. Mr. Lavender subsequently alleged that the Postal Service breached the settlement by reinstating his removal and filed a petition with the Board to enforce compliance with the agreement. The administrative judge (AJ) denied his petition after determining that the petitioner did not comply with the terms of the settlement agreement. Mr. Amin petitioned the Board to set aside the settlement agreement, maintaining that his attorney lacked authority to enter into the settlement. The Board denied his petition for review.

When the petitions for review were filed in this Court, the Clerk named the Department of Agriculture and the United States Postal Service as the respondents. By letters to the Clerk, the MSPB requested him to recaption the cases to designate the MSPB as the respondent in each case pursuant to 5 U.S.C.A. § 7703(a)(2). Thereafter, the Clerk recaptioned each case by designating the Board as the respondent.

Judicial review of decisions of the MSPB is provided for in 5 U.S.C.A. § 7703, which provides that an employee or applicant for employment may file in this court a petition for review of an adverse MSPB final decision or order. Section 7703(a)(2) governs the designation of the respondent to a petition for review. Prior to its revision in 1989, § 7703(a)(2) provided that:

> [t]he Board shall be the named respondent in any proceeding brought pursuant

to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. In review of a final order or decision issued under section 7701, the agency responsible for taking the action appealed to the Board shall be the named respondent.

The court construed the unamended version of § 7703(a)(2) on several occasions. In *Hopkins v. Merit Sys. Protection Bd.*, 725 F.2d 1368 (Fed.Cir.1984), petitioner appealed from a decision of the MSPB, dismissing his request for attorney fees on grounds of untimeliness. Both the MSPB and the Department of Justice raised the issue of which agency was the appropriate respondent. The court reasoned that the "agency responsible for taking the action" was the touchstone for determining who was the proper respondent in an appeal from a Board decision. *Id.* at 1372. The court determined that the action for which petitioner sought review involved MSPB procedural regulations governing the timeliness of attorney fee requests for which the employing agency had no responsibility or involvement. Therefore, the court concluded that the Board, not the employing agency, was the proper respondent in the case. In support of its conclusion, the court cited two prior decisions, *Rosano v. Department of the Navy*, 699 F.2d 1315, 1316 n. 4 (Fed.Cir.1983) and *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1390 n. 2 (Fed.Cir.1982), both of which state in a footnote that the MSPB should be the respondent in appeals from dismissals for lack of jurisdiction and untimeliness.

In *Hagmeyer v. Department of Treasury*, 852 F.2d 531 (Fed.Cir.1988), the court, sitting *en banc*, overruled *Hopkins*, noting that "[i]n spite of an apparent desire by the *Hopkins* panel to establish a workable rule, that decision has generated some confusion and/or criticism in later cases...." 852 F.2d at 534.

The court concluded that in view of the plain meaning of the statute, which was fully supported by the legislative history, the employing agency should be designated the respondent in every petition for review of an MSPB final decision or order rendered under § 7701.

Shortly after the *Hagmeyer* decision, Congress amended § 7703(a)(2) as part of the Whistleblower Protection Act of 1989, Pub.L. 101–12, 103 Stat. 16 (1989). The amendment which has been codified as 5 U.S.C.A. § 7703(a)(2) provides:

> The Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision *on the merits on the underlying personnel action* or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.

(Emphasis added).

The legislative history[1] shows that *Hagmeyer* prompted the changes to the statutory text:

> Until January 1987, the Board had the authority to defend some of its decisions in court. Up until that time, the Federal Circuit Court had issued a series of decisions holding that the Board was the appropriate statutory respondent in cases involving jurisdictional and procedural issues where the merits of the underlying personnel action was not at issue (e.g., *Hopkins v. MSPB*, (725 F.2d 287 [sic, 725 F.2d 1368] (Fed.Cir.1984)). However, in *Hagmeyer v. Department of Treasury*, (809 F.2d 1581 (Fed.Cir. 1987)), the Court of Appeals for the Federal Circuit reversed its own precedent and held that the employing agency should be the respondent in all employee appeals to that court.

---

**1.** The Whistleblower Protection Act of 1989, Pub.L. 101–12, 103 Stat. 16 (1989) is the modified version of a bill passed by Congress in 1988 and vetoed by President Reagan. The legislative history of Pub.L. 101–12 addresses these modifications. Section 7703(a)(2), carried over from the vetoed bill, was not affected by the modifications. Consequently, the legislative history of this section is contained in S.Rep. No. 413, 100th Cong., 2d Sess. 21–22, 36 (1988). *See* 135 Cong.Rec. S2779, 2781 (daily ed. March 16, 1989) (Statement of Sen. Levin).

S. 508 would reverse the *Hagmeyer* decision and provide the Board with the litigating authority established under *Hopkins* and similar decisions. The bill would provide that the Board be the respondent in appeals involving jurisdictional and procedural matters, which are matters purely within the Board's jurisdiction, which [sic, while] the employing agency would be the respondent in cases involving the underlying personnel action or attorney's fees.

S.Rep. No. 413, 100th Cong., 2d Sess., 21–22 (1988).

The Senate report further explains:

Section 12 amends 7703(a)(2) of USC 5 to provide that the relevant agency be the named respondent in employee appeals of Board decisions where the appeal involves the underlying personnel action or a request for attorney fees. In appeals involving procedural or jurisdictional matters, the Board would be the respondent.

*Id.* at 36.

### Discussion

■ We first consider and reject the Board's contention that the court should not look to the legislative history of the 1989 amendment to § 7703(a)(2), because, according to the Board, the plain meaning of the statute requires that the MSPB be named respondent in these appeals. In its brief in Mr. Amin's case, the Board stated:

The agency's Motion to Reform [the] Caption raises a question of first impression before this Court: who is the proper respondent in an appeal which the Board dismissed on the basis of a settlement agreement.

Respondent's brief at 4.

We view this statement as a recognition by the Board that the court is confronted in these appeals with "exceptional circumstances." In such cases, consideration of the legislative history is both appropriate and justified. *See Burlington N. R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1859–60, 95 L.Ed.2d 404 (1987). Moreover, the court examined the legislative history of the prior version of § 7703(a)(2) in *Hopkins* and *Hagmeyer.* Because the Senate Report states explicitly that the amended statute overrules *Hagmeyer,* we are presented with a compelling reason to resort to the legislative history. We must review the history to ascertain why Congress took this action and what is intended by the amendments to the preceding statute. *Cf. Train v. Colorado Pub. Interest Research Group, Inc.,* 426 U.S. 1, 9–11, 96 S.Ct. 1938, 1942–43, 48 L.Ed.2d 434 (1976) (Court of Appeals erred in refusing to consider legislative history to determine whether the obvious meaning of certain language was in fact the intended meaning).

■ When the 1989 Act is examined in connection with the legislative history, we think it is abundantly clear that in overruling *Hagmeyer,* Congress intended that the Board shall be the respondent in all appeals involving its jurisdiction or its rulings on procedural questions, but that in appeals involving underlying personnel actions and attorney fees, the employing agencies should be the respondents. The dichotomy thus established by Congress is in accord with the traditional statutory functions of the Board and the employing agencies. In enacting the amended version of § 7703(a)(2), Congress recognized that the Board has a much greater interest in questions of its jurisdiction and procedure and is better equipped than the agencies to defend its position in appeals involving these questions. Jurisdictional and procedural matters present threshold issues concerning the general adjudicatory authority of the Board. Congress believed that the Board should not depend on representation by other agencies in such areas of intrinsic interest. We think that Congressional concern over the institutional integrity of the Board also led to the provision designating the employing agencies as the respondents in cases involving personnel actions. These represent the great majority of the cases decided by the MSPB and appealed to the court. One of the fundamental purposes of the Civil Service Reform Act of 1978 (CSRA) was to transfer the adjudicatory authority formerly exercised by the

Civil Service Commission to the Merit Systems Protection Board created by the Act. *See* S.Rep. No. 969, 95th Cong.2d Sess. 7 (1978) *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2727–2729. If the appeals in such cases were defended by the Board, the MSPB would be placed in a position adversarial to employees whose rights it was established to adjudicate, and this would effectively undermine the purpose of the CSRA. Furthermore, the agency which took the personnel action has the primary interest in upholding its position and has available the material needed to defend its personnel actions in the appeals to this court.

▮ In applying these conclusions to the cases before us, we must decide whether the denial of a petition for review of a settlement agreement is a decision on the merits of the underlying personnel action or a decision raising pure jurisdictional or procedural questions. We find that there are no jurisdictional issues involved in either appeal. It is undisputed that the Board has jurisdiction to enforce a settlement agreement arising out of an underlying personnel action in the same case. *Richardson v. Environmental Protection Agency,* 5 MSPB 289, 5 M.S.P.R. 248, 250 (1981); *Shaw v. Department of the Navy,* 39 M.S.P.R. 586, 590 (1989). For that purpose, the Board promulgated regulations governing the handling of settlement agreements by its administrative judges. *See* 5 C.F.R. § 1201.41(c) (1991). Neither Mr. Amin nor Mr. Lavender has challenged the jurisdiction of the MSPB in these appeals. In each case, the Board assumed jurisdiction of petitioner's appeal and rendered a decision upholding or enforcing the settlement agreement.

Also, there are no procedural issues in these appeals which would affect our decision. Neither Mr. Amin nor Mr. Lavender made any claim of procedural error in the proceedings before the MSPB. However, in his appeal to the court, Mr. Amin, for the first time, attempted to raise a procedural issue. His appeal is based primarily on a reiteration of his contention that his attorney had no authority to enter into the set-

tlement agreement. In his brief to the court, Mr. Amin argued that the administrative judge violated procedural requirements in two respects:

1. At the status conference of November 16, 1991, the administrative judge did not ask the petitioner's representative whether he had the authority to accept settlement on petitioner's behalf, nor did the representative state that he was authorized.

2. The Board did not follow its standard procedure with respect of notifying the petitioner that the Board would hold a status conference on November 16, 1990, nor did the Board order the representative to get authority to settle petitioner's case.

▮ Assuming, without deciding, that Mr. Amin has properly raised a procedural issue in his appeal, his allegations of procedural error are combined with his basic claim on the merits, namely that his appeal should be reinstated because his attorney lacked authority to enter into the settlement agreement, which had the effect of sustaining his removal from service. Our decision in *Hopkins* noted that this court has followed the practice of naming the employing agency as the respondent in cases "involving issues both on the merits of an agency's action and on the MSPB's procedures...." 725 F.2d at 1372. The statement in *Hopkins* was quoted and followed in *Tiffany v. Department of the Navy,* 795 F.2d 67, 69 (Fed.Cir.1986). In *Tiffany,* the petitioner's demotion by the agency was upheld by the MSPB and affirmed on appeal by the court. The court decided that the Board was the proper respondent "even though alleged errors of the presiding official or the Board in the conduct of the proceedings are the sole grounds on which petitioner seeks to overturn the Board's decision." *Id.* Therefore, we hold that in cases where, as in this case, the appeal from the Board's decision presents mixed questions of procedure and the merits of an agency action, the employing agency is the proper respondent.

We next consider whether the appeals before us involve decisions on the merits of

the underlying personnel action. The term "underlying personnel action" is not defined by § 7703(a)(2) or its accompanying legislative history. The dictionary definition of "underlie" is "to be the basis of; form the foundation of." WEBSTER'S THIRD INTERNATIONAL DICTIONARY 2489 (17th ed. 1976).

Settlement agreements are not included within the terms of the 1989 Act, nor referred to in its legislative history. Consequently, we must look elsewhere to determine how they fit into the legislative scheme. We turn to the decisions of the court. In *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 732 (Fed.Cir. 1984), the court examined the authority of the Board to enforce its orders and stated that a compliance proceeding "is not an original personnel action." In *Greco v. Department of the Army*, 852 F.2d 558 (Fed. Cir.1988), the petitioner was removed from his position. He appealed to the Board where the parties entered into a settlement agreement. Later, he filed a petition with the Board for enforcement of the agreement, alleging that the agency had failed to comply with its terms. In referring to the compliance proceeding before the Board, the court declared that it was a continuation of the original personnel action.[2] *Id.* at 561.

The Board's decisions are in accord with ours on this point and recognize that the Board's jurisdiction over settlement agreements is inextricably linked to its jurisdiction of underlying personnel actions appealed to the Board. In *Shaw v. Department of the Navy*, 39 M.S.P.R. 586, 591 (1989), the Board held that there was no basis for it to award attorney fees in settlement cases where it is not clear that the MSPB had jurisdiction of the underlying subject

matter. In *Gorelick v. Office of Personnel Management*, 45 M.S.P.R. 81 (1990), the Board decided that a settlement agreement cannot provide an independent basis for MSPB jurisdiction. In that case, the parties entered into settlement agreement while the appeal from the MSPB decision was pending before this court. Thereafter, the employee filed a petition with the MSPB, claiming that the settlement agreement should be set aside on the grounds that he was misled into signing it. The Board held that it did not have jurisdiction, because the settlement agreement was not entered into while the appeal was pending before the MSPB.

Although Mr. Amin challenges the actions of the AJ, he is seeking to overturn a decision which effectively disposed of his case on the merits. When the first settlement agreement was entered into, it was a resolution of the original personnel action. In upholding the validity of the second settlement agreement, the Board confirmed his removal from his former position.

The merits of Mr. Lavender's first removal, the underlying personnel action, was settled by the parties in an agreement placed in the record by the AJ. After Mr. Lavender was removed the second time, he again appealed to the Board, claiming that the Postal Service had violated the agreement and requesting reinstatement to his former position. The Board's second decision, which enforced the agreement, was clearly a decision on the merits of his removal. In his decision, which was sustained by the Board, the AJ held that the agency had not violated the terms of the settlement agreement by reinstating Mr. Lavender's removal because of his failure to comply with the terms of the agreement.

**2.** The MSPB's reliance on *Stewart v. United States Postal Serv.*, 926 F.2d 1146 (Fed.Cir.1991), is misplaced. In *Stewart*, the court determined that an employee who entered into a settlement agreement waiving the right to challenge his original removal could still contest agency compliance with the agreement. In so doing, the court did not, as the Board argues, recognize a general distinction between settlement enforcement proceedings and the merits of the underlying personnel action. Rather, the court established that the Board must first address a petitioner's genuine allegation of agency breach before giving effect to the waiver of an appeal rights provision contained in the settlement agreement. Consequently, the court merely distinguished the waiver of the right to enforce a settlement from the waiver of the right to reinstate an appeal, without making reference to whether a compliance enforcement decision involves the merits of the underlying personnel action.

When the cited decisions of this court and the Board are applied to the facts of these cases, we conclude that the holdings of the Board in the two appeals in issue are decisions on the merits of underlying personnel actions within the meaning of 5 U.S.C.A. § 7703(a)(2), and that the employing agencies are the proper respondents in both cases.

## II.

### *The Appeal of Yusuf D. Amin*

The Department of Agriculture removed Mr. Amin from his position as a realty specialist on March 22, 1990. He appealed to the MSPB, designating Mr. Hanson as his attorney of record. Through his counsel, petitioner entered into a settlement before the AJ in which Mr. Amin agreed to dismiss his appeal without prejudice.

Petitioner subsequently reinstated his appeal with the Board. Mr. Hanson remained counsel for petitioner. During a telephone conference held on November 19, 1990, counsel for the parties reached a second settlement which the AJ entered into the record. The settlement agreement provided that petitioner would dismiss his appeal, pending the outcome of his application for disability retirement status. If petitioner's application was denied, he could refile his appeal with the Board within 25 days. The AJ reviewed the settlement, determined that the agreement was lawful and freely reached, and dismissed the appeal.

On December 13, 1990, Mr. Amin filed with the Board a petition for review, requesting that the settlement agreement be set aside. Petitioner asserted that he did not consent to the settlement and that his attorney lacked authority to settle the action. Mr. Amin notified the Board on December 23, 1990, that Mr. Hanson was no longer his representative. On March 28, 1991, the Board denied Amin's petition for review, concluding that his allegations did not constitute new and material evidence. *See* 5 C.F.R. § 1201.115.

 It is well established that a litigant is bound by the authorized actions of his representative. *Rowe v. Merit Sys. Protec-*

*tion Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986); *Johnson v. Department of Treasury,* 721 F.2d 361, 365 (Fed.Cir.1983). An attorney retained for litigation purposes is presumed to possess express authority to enter into a settlement agreement on behalf of the client, and the client bears the burden of rebutting this presumption with affirmative proof that the attorney lacked settlement authority. *Pueblo of Santo Domingo v. United States*, 647 F.2d 1087, 1088–89, 227 Ct.Cl. 265 (1981) *cert. denied* 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982), *citing* 7A C.J.S. *Attorney and Client* § 172, at 258–59 (1980); *Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d 136, 139 (10th Cir.1966).

 At the time the AJ rendered his initial decision, there was no reason to believe that petitioner's attorney was not authorized to settle the case. As Mr. Amin concedes, Mr. Hanson was his designated representative on November 19, 1990. Furthermore, Mr. Hanson had entered into a previous settlement agreement on behalf of Mr. Amin before the same AJ, and Mr. Hanson continued to conduct negotiations with agency counsel after the appeal was reinstated. Petitioner has presented no evidence to the Board or to this court to substantiate the alleged lack of settlement authority of his attorney. His unsworn statements are insufficient to rebut the presumption that his chosen counsel did in fact possess the requisite authority. *Edwards v. Born, Inc.,* 792 F.2d 387, 392 (3d Cir.1986). Although petitioner did not participate in the settlement personally, he is responsible for the actions of his representative, who agreed to the settlement on his behalf. In addition, his unfamiliarity with the settlement terms prior to receipt of the agreement or dissatisfaction with the agreement cannot provide a basis to set aside the settlement. *Kowalczyk v. Department of Army,* 44 M.S.P.R. 616, 622 (1990) *citing Laranang v. Department of the Navy,* 40 M.P.S.R. 233, 236–37 (1989). As this court stated in *Johnson,* "[w]hen chosen counsel appears, the Board cannot be expected to monitor that representative's actions or to assume that those ac-

tions fail to reflect the employee's own desires." 721 F.2d at 365.

Petitioner has failed to show that the settlement was "tainted with invalidity," either by fraud or mutual mistake. *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed.Cir.1982) (quoting *Callen v. Pennsylvania*, 332 U.S. 625, 630, 68 S.Ct. 296, 298, 92 L.Ed. 242 (1948)). Consequently, petitioner has failed to prove that the Board's decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with applicable law.

### III.

### *The Appeal of Michael A. Lavender*

■ The Postal Service removed Mr. Lavender from his position as a distribution clerk, on November 20, 1989. Petitioner appealed his removal to the MSPB, and entered into a settlement with the Postal Service during the course of the appeal. Pursuant to a written "Final, Last Chance Agreement," the Postal Service reinstated Mr. Lavender for a one-year probationary period. During this period, petitioner was to participate in an Employee Assistance Program (EAP) that included two Alcoholics Anonymous meetings each week, and was to contact the EAP office twice a week. Failure to participate in the program to the satisfaction of the EAP supervisor would constitute sufficient cause for his removal. The settlement also required petitioner to maintain satisfactory attendance and to document all sick and emergency leave with appropriate medical certification. One day of absence without leave could result in removal under the agreement. In addition, petitioner was expected to follow all supervisory instructions under penalty of removal. Petitioner also waived his right to appeal any removal during the one-year period to the MSPB. The AJ entered the settlement into the record and dismissed the appeal.

The Postal Service reimposed Mr. Lavender's removal on April 12, 1990, maintaining that petitioner did not adhere to a structured EAP, sustained four days of unexcused absence, and failed to follow an instruction of his supervisor. Mr. Lavender petitioned the MSPB to enforce compliance with the settlement, contending that the Postal Service violated the agreement in removing him from service. The MSPB denied Mr. Lavender's petition for review on March 13, 1991.

Petitioner has not shown that the MSPB erred in finding that he failed to prove by a preponderance of the evidence that the Postal Service did not comply with the terms of the settlement in removing him from his position. Under the settlement, the Postal Service could remove petitioner for violation of any one provision of the agreement. Since petitioner has not met his evidentiary burden of establishing that the Postal Service breached the agreement, the Board correctly denied his petition for enforcement of the settlement agreement.

### IV.

### CONCLUSION

The motions of the Department of Agriculture and the Postal Service to reform the caption in each appeal is granted. Accordingly, the Clerk is directed to change the caption in Appeal No. 91–3271 (Mr. Amin's case) by designating the Department of Agriculture as the respondent. The Clerk is also directed to change the caption in Appeal No. 91–3281 (Mr. Lavender's case) by designating the United States Postal Service as the respondent. The Board's decisions in the cases from which Mr. Amin and Mr. Lavender have appealed are

AFFIRMED.