972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frederick W. NIXON, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 92-3167.
 United States Court of Appeals, Federal Circuit.
 June 11, 1992.
 
 Before ARCHER, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Frederick W. Nixon seeks review of the December 13, 1991 final decision of the Merit Systems Protection Board (Board), Docket No. 07529010168, dismissing his appeal as settled based on a voluntary settlement agreement between Nixon and the Navy. The existence of that agreement deprived the Board of jurisdiction to review the removal action. 5 CFR § 1201.41(c)(2) (1991). We affirm.
 
 
 2
 * At a March 26, 1990 hearing before an administrative judge (AJ) of the Board, Nixon and the Navy entered into a conditional oral settlement agreement resolving the Navy's desire to remove Nixon from his position at the U.S. Naval Hospital in Rota, Spain. The terms and conditions of the settlement agreement were stated orally and duly noted on the tape of the hearing. Neither party objected to any term of the agreement. Nixon imposed a single condition to the agreement, namely that the Commanding Officer (CO) of Nixon's base agree to issue a letter, to the recipients of a previously issued permanent debarment letter, stating that Nixon and the Navy had settled the case. The AJ unequivocally confirmed each party's knowing and voluntary agreement to the settlement terms and the single condition. He further stated that a binding conditional contractual settlement agreement had been made. The AJ offered to assist the parties in preparing a written version of the contract.
 
 
 3
 The next day, the Navy informed the AJ that the condition had been satisfied; the CO had agreed to sign the letter Nixon desired once Nixon signed a side agreement that had been read into the record during the settlement conference. (The side agreement was a memorandum from Nixon to the CO admitting to certain acts but not admitting any wrongdoing.) The AJ then informed the parties that the settlement agreement was now valid. Nixon, however, balked. He no longer wanted the explanatory letter but instead wanted the permanent debarment letter rescinded. The AJ informed Nixon, in essence, that his change in view was too late. The parties were of course free mutually to agree to Nixon's new request, but failing such agreement, the AJ stated that he would hold the parties to their oral contract.
 
 
 4
 Finally, the AJ indicated that the record would remain open until April 18, 1990 should the parties wish to memorialize the taped oral contract in a writing which would serve to replace the oral contract. Absent such a writing, the case was to be dismissed on the basis of the oral settlement contract. On May 16, 1990, with no written contract in being, the AJ issued an initial decision dismissing the case. On December 13, 1991 the full Board denied Nixon's petition for review, reopened the appeal on its own motion and dismissed the appeal as settled on the basis of a valid and enforceable settlement agreement.
 
 II
 
 5
 Before this Court, Nixon contends that no binding conditional settlement agreement was formed, because, inter alia, a second condition was not satisfied, and the oral contract was not reduced to writing.
 
 
 6
 The alleged second condition is that the CO would not agree to sign the letter Nixon requested until Nixon signed the side agreement requested by the Navy. The Board concluded that there was but one condition to the oral agreement. The majority of the Board recognized that the oral contract provided that Nixon "was to sign" the side agreement. The concurring opinion clarified the point by stating that Nixon's agreement to sign the side agreement was a part of the oral contract, not a separate condition attached to the Navy's fulfillment of the original condition to the oral contract.
 
 
 7
 We agree with the Board. The Navy did not articulate a new condition precedent to its fulfillment of the single condition to the oral contract. Rather, the Navy's expression of its willingness to issue the explanatory letter simply stated its expectation that Nixon would fulfill his implied promise to sign the side agreement, a promise made during the settlement conference of March 26, 1990. See 1 Arthur L. Corbin, Corbin on Contracts: A Comprehensive Treatise on the Working Rules of Contract Law § 83 (1963); 1 Samuel Williston, A Treatise on the Law of Contracts § 78 (3d ed. 1960); see also Restatement (Second) of Contracts § 59 at 146, illus. 2-3 (1981).
 
 
 8
 In addition, there is no basis in the record to support Nixon's contention that the oral agreement taped on March 26, 1990 is unenforceable because it was not replaced by a written memorial. The circumstances of this case are wholly apart from those in Mahboob v. Department of the Navy, 928 F.2d 1126 (Fed.Cir.1991). In Mahboob, this Court concluded that no settlement agreement had been reached when it was clear that not all the terms were agreed orally and that parties would not be bound until a written contract was signed. Unlike Mahboob, Nixon and the Navy orally agreed to a settlement contract, subject to a single condition. On March 27, 1990, the single condition to that contract was removed, at which time the parties were informed of the opportunity, should they wish, to replace the oral contract with a writing. Absent a written agreement, however, the parties were on notice that they were bound by the oral contract taped at the settlement conference of March 26, 1990.
 
 
 9
 We review decisions of the Board under statutory constraint, 5 U.S.C. § 7703(c) (1988). Nixon's contentions do not demonstrate that the Board's dismissal of Nixon's appeal is arbitrary, capricious, an abuse of discretion or contrary to any law. Furthermore, the decision is supported by substantial evidence. Therefore, we affirm. Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).