5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Saba MAHBOOB Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 93-3067.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1993.
Rehearing Denied Oct. 7, 1993.
 
 Before NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Dr. Saba Mahboob petitions for review of the Order of the Merit Systems Protection Board, Docket No. DC0752890335-B-3, sustaining her removal from employment as a medical technologist. We affirm.
 
 DISCUSSION
 
 2
 The Department of the Navy removed Dr. Mahboob on April 7, 1989 from her position as a medical technologist, GS-9, at the National Naval Medical Center, Bethesda, Maryland for failure to follow instructions, refusal to carry out orders, unauthorized release of official information, and unacceptable performance. On May 1, 1989 Dr. Mahboob appealed the Navy's action alleging (a) insufficient justification for removal, (b) discrimination based on her religion, national origin, race, color, age, sex, and marital status, and (c) reprisal for filing several Equal Employment Opportunity Commission complaints against her employer.
 
 
 3
 On July 27, 1989 the administrative judge dismissed the appeal as settled. The Board affirmed. Dr. Mahboob appealed to this court, asserting that no settlement agreement had come into existence. On March 22, 1991 this court reversed the dismissal, holding that there was not substantial evidence to support the finding that the parties had agreed to a settlement. Mahboob v. Department of the Navy, 928 F.2d 1126 (Fed.Cir.1991).
 
 
 4
 The case proceeded to hearing on the issue of whether the Navy had sufficient justification for removing Dr. Mahboob and whether her removal was due to discrimination or to reprisal for her EEOC complaints. The Board sustained the removal action, holding that the Navy had established that Dr. Mahboob failed to obey instructions from her supervisors on numerous occasions; released private information on AIDS patients without authorization; and during her performance improvement period did not satisfactorily demonstrate the ability to perform Gram stain readings, a critical duty of her position. The discrimination and reprisal claims were held to be without merit.
 
 
 5
 Although "Petitioner's Statement Concerning Discrimination" did not unambiguously abandon any discrimination claims in her appeal to this court, Dr. Mahboob states in her reply brief, in response to the government's challenge to our jurisdiction, that she does not request relief on her discrimination claims. On abandonment of those claims, this court has jurisdiction of the appeal.
 
 
 6
 Dr. Mahboob argues that the administrative judge failed to consider documentary evidence that she presented, did not believe her testimony and mostly ignored the testimony of her witnesses, and drew incorrect conclusions based upon the testimony of the agency witnesses. Dr. Mahboob does not dispute most of the events leading to her removal, but argues that the administrative judge misinterpreted them, failing to understand the circumstances surrounding these events and believing false rumors related to her release of patient information.
 
 
 7
 Appellate review of a Merit Systems Protection Board decision is narrowly defined by statute. The decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). We have reviewed the record, and considered each of the arguments that Dr. Mahboob raises. We conclude that a statutory basis for reversal has not been shown.