29 F.3d 644
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vu Chuc NGUYEN, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3377.
 United States Court of Appeals, Federal Circuit.
 May 24, 1994.
 
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioner, Vu Chuc Nguyen, (Mr. Nguyen), seeks review of the May 3, 1993, final decision of the Merit Systems Protection Board (MSPB or board), Docket No. No. SF0752920469-C-I, denying his petition for review of the January 22, 1993 initial decision denying Mr. Nguyen's petition for enforcement of an earlier settlement agreement with the Department of the Army (agency). We remand.
 
 DISCUSSION
 
 2
 Mr. Nguyen requested the board to "review" the initial decision by requesting the board to, inter alia, invalidate it as "untimely" and to enter the negotiated settlement agreement into the record instead. This settlement agreement was mailed to Mr. Nguyen by the agency and he signed it the same day the initial decision was issued. Because this appeal can be decided on the above issues, Mr. Nguyen's remaining argument will not be addressed. The board denied Mr. Nguyen's petition because "it does not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115."[1]
 
 
 3
 Mr. Nguyen was employed as a General Engineer at the Sacramento Army Depot. In 1990, Mr. Nguyen was found sleeping at his work site. Thereafter, he provided documentation from his physician that he suffered from sleep apnea. At that time, Mr. Nguyen was accommodated with treatment and a part-time work schedule. In October 1990, at Mr. Nguyen's request, he returned to work full time. However, he was absent for 550 hours from December 30, 1990 to August 2, 1991. During this time, Mr. Nguyen was receiving psychiatric treatment and evaluation. The agency requested Mr. Nguyen to provide additional medical information on his condition. Mr. Nguyen provided a report from Dr. Groesbeck, a forensic psychiatrist, who concluded that he suffered from a bipolar disorder and concluded that Mr. Nguyen had suffered intermittent periods of temporary, partial psychiatric disability for several years in the recent past but, noted that he did not find Mr. Nguyen permanently disabled. Nonetheless, Dr. Groesbeck advised the agency that Mr. Nguyen be re-examined in six months.[2]
 
 
 4
 On December 6, 1991, the agency issued a proposal for separation based on Mr. Nguyen's disabling condition and the likelihood that he would be unable to return to work and fully perform his duties. Mr. Nguyen timely appealed the agency's actions to the board. However, a "first" settlement agreement ensued prior to adjudication. In this settlement agreement, the agency agreed to provide Mr. Nguyen with additional psychiatric evaluation, at agency expense, and a period of treatment if it appeared that this would lead to his recovery and return to full duty performance. Furthermore, if the evaluator concluded that Mr. Nguyen was not fit to return to his full duties or that he posed a possible threat, Mr. Nguyen agreed to apply for retirement and compensation programs.
 
 
 5
 The additional psychiatric evaluation was performed by Dr. Mehtani who concluded that Mr. Nguyen was in complete remission, that there was no evidence that he would act on his violent thoughts and that he was not currently a danger to others. However, Dr. Mehtani also stated that Mr. Nguyen was unfit to return to his former full-time duties at the agency because "doing that [returning to work] is likely to increase the risk of causing a relapse." Dr. Mehtani recommended that Mr. Nguyen return to work for 3 to 6 months in order to seek other employment. Dr. Mehtani also prescribed continued treatment at all times.
 
 
 6
 Mr. Nguyen was separated for disability effective February 7, 1992. Thereafter, Mr. Nguyen requested that he be restored to duty. This request was denied. Mr. Nguyen then filed a petition of enforcement of the first settlement agreement. Mr. Nguyen claimed that he should be allowed to return to work for at least the 3 to 6 months to make it easier for him to find another job. The Administrative Judge (AJ) issued an initial decision denying Mr. Nguyen's petition for enforcement on January 22, 1993.
 
 
 7
 While the petition for enforcement was pending the agency, through Ms. Toole, and Mr. Nguyen entered into settlement discussions. According to Mr. Nguyen, he had several conversations with Ms. Toole. Mr. Nguyen provided the board a recounting of the events leading to the settlement agreement by way of a February 3, 1993 letter from Mr. Skow[3] to the agency.[4] Mr. Skow requested the agency to timely respond because Mr. Nguyen intended to file a petition for review. There is no response from the agency in the record.
 
 
 8
 The "second" settlement agreement was mailed to Mr. Nguyen by Mr. Callaghan of the agency on January 21, 1993 with instructions for him to sign and return it. The agreement of record shows a signature by Mr. Nguyen and date of January 22, 1993.[5] As mentioned above, this was the same date that the initial decision issued. Mr. Nguyen asserts that Mr. Callaghan informed him that the agency was disclaiming the settlement agreement and relying instead on the initial decision.
 
 
 9
 What is at issue here is this second settlement agreement that was presented to the board with Mr. Nguyen's petition for review. Mr. Nguyen did not expressly appeal to this court on the basis that the board failed to consider the settlement agreement as new and material evidence nor did Mr. Nguyen expressly request the board to reopen his appeal. We therefore consider sua sponte whether the board abused its discretion by not considering the proffered settlement agreement as new and material evidence or whether Mr. Nguyen has shown special circumstances or that equity is in his favor.[6]
 
 
 10
 Many courts as well as the board have stated that as a matter of policy the law favors settlement. Bergh et al. v. Department of Transportation, FAA, 794 F.2d 1575 (Fed.Cir.), cert. denied, 479 U.S. 950 (1986); See Panther v. Department of Agriculture, 52 M.S.P.R. 419 (1992). A settlement agreement is a contract. Mahboob v. Department of the Navy, 928 F.2d 1126 (Fed.Cir.1991). Under basic principles of contract law, the mutual assent necessary for the formation of a contract takes the form of an offer and an acceptance. See Beasley v. Office of Personnel Management, 45 M.S.P.R. 333 (1990) (Board applies general principles of contract law to settlement agreements). Here, the agency itself represented the "negotiated settlement agreement" that was mailed to Mr. Nguyen on January 21st as an "offer." Notwithstanding the possibility of a prior oral settlement agreement as represented in Mr. Skow's letter, the mailing of the negotiated settlement agreement, together with a letter signed by the agency instructing Mr. Nguyen to sign and return the written agreement, would lead to a reasonable belief that the agency intended to give Mr. Nguyen the power to conclude the contract. By his signature on January 22nd, Mr. Nguyen accepted the agency's offer. The agency's apparent failure to inform the AJ because of a change in personnel or its belief that a series of offers and counter offers would follow is irrelevant. Therefore, the document proffered by Mr. Nguyen appears, on its face, to be a valid settlement agreement.
 
 
 11
 Having considered the possible existence of a settlement agreement, we next consider whether the board could have entered the settlement agreement into the record. The board must first determine whether it has jurisdiction over the appeal, whether the settlement agreement is lawful and freely reached by the parties, and the parties must agree that it is to be enforced by the board. Amin v. Merit Systems Protection Board, 951 F.2d 1247 (Fed.Cir.1991) (citing Richardson v. Environmental Protection Agency, 5 M.S.P.R. 248 (1981); Shaw v. Department of the Navy, 39 M.S.P.R. 586 (1989). See J.B. Littlejohn v. Department of Housing and Urban Development, 47 M.S.P.R. 331 (1991).
 
 
 12
 The full board has jurisdiction when the initial decision has been issued because the AJ loses jurisdiction over the appeal. The board itself considers the settlement agreement. See Perham v. Office of Personnel Management, 45 M.S.P.R. 551, 552-3 (1990).
 
 
 13
 As discussed above, on its face, a settlement agreement was reached. A settlement agreement reached after the issuance of an initial decision is not fatal. On several occasions, the board has vacated an initial decision and entered a settlement agreement into the record for enforcement when that settlement agreement has been reached after a petition for review has been filed. See Perham, 45 M.S.P.R. 551 (1990), J.B. Littlejohn v. Department of Housing and Urban Development, 47 M.S.P.R. 331 (1991), Sternfeld v. Department of Justice, U.S. Marshals Service, 28 M.S.P.R. 417 (1985). Although in this instance, the settlement agreement was reached before a petition was filed and coincident to the initial decision, that alone does not place Mr. Nguyen or any petitioner in a "gap" where an agency can freely negate settlement agreements.
 
 
 14
 Finally, the parties to the settlement agreement included a provision to enter it into the record for enforcement. (Negotiated Settlement Agreement p 7). Therefore, the intent of the parties to enter the settlement agreement into the record was express.
 
 
 15
 Having reviewed Mr. Nguyen's petition for review, we conclude that his submissions are sufficient to warrant further inquiry as to whether the parties had reached a valid settlement that would render the initial decision moot. The inclusion of the settlement agreement in Mr. Nguyen's petition necessarily makes his petition inherently reviewable in this situation, either as new and material evidence or as tipping equity in his favor, such that it was an abuse of discretion by the board not to review or reopen Mr. Nguyen's appeal.[7] Accordingly, in the interest of justice, we remand to the board for consideration of the validity and enforceability of the settlement agreement and that determination's effect on the initial decision.
 
 
 
 [1]
 Section 1201.115 states that the board may grant a petition for review when it establishes that:
 (1) New and material evidence is available that, despite due diligence, was not available when the record closed; or
 (2) The decision of the judge is based on an erroneous interpretation of statute or regulation.
 
 
 [2]
 See Initial Decision January 22, 1993 for full discussion
 
 
 [3]
 Mr. Nguyen apparently sought counsel from Mr. Skow, an attorney, but he was not representing him in this matter
 
 
 [4]
 In this letter, Mr. Skow requested the agency to provide information from the file and Ms. Toole's recollections. Mr. Skow also recounted to the agency Mr. Nguyen's understanding of the sequence of events leading to what he thought was a settlement as follows: 1) Ms. Toole contacted him on December 22, 1992 informing him that an agreement had been reached and approved on December 22, 1992; that she would contact the AJ and inform him that the appeal had been settled and that a decision would not be necessary; and that she would be leaving her position at the end of December; 2) thereafter Mr. Callaghan, who assumed responsibility for Ms. Toole's cases, contacted Mr. Nguyen on January 5th or 6th whereupon he agreed to modify the terms of the agreement such that the back pay would be a lump sum identified as actual back pay to comply with accounting requirements of the agency; and 3) Mr. Nguyen tried to contact Mr. Callaghan several times inquiring as to why he had not received the written settlement agreement, to which Mr. Callaghan responded that there was a large backup of matters in the office due to the base closures
 
 
 [5]
 The agency, in its response to Mr. Nguyen's petition for review, argues for several pages that the settlement agreement was signed by Mr. Nguyen on January 21st and not on January 22nd. However, the only signed and dated settlement agreement of record appears to be dated January 22nd. At this point, there is no document in the file to support the agency's contrary assertions
 
 
 [6]
 We must affirm decisions of the Board unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by rule, law, or regulations having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). See Perry v. Department of the Army, 992 F.2d 1575 (Fed.Cir.1993)
 
 
 [7]
 The board may interpret a pro se's petition as a request to reopen an appeal as well as a petition for review. See Baker v. Department of the Navy, 34 MSPR 248 (1987), aff'd, 835 F.2d 871 (Fed.Cir.1987) (Table) (Circumstances cast doubt on the validity of a settlement agreement may form the basis for reopening a closed appeal). To this end, the board could have, at its discretion, reopened the record. 5 CFR Sec. 1201.117. Under 5 CFR Sec. 1201.116 the board has many options as how to handle cases such as this. See Baker at 252; Carey v. United States Post Office, 50 MSPR 359 (1991); See Panther v. Department of Agriculture, 52 MSPR 419 (1992) (The board vacated the initial decision and remanded the case to the AJ to determine the status and effect of the settlement agreement)