**Lon R. SWEENEY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 98–3209.

United States Court of Appeals, Federal Circuit.

Oct. 15, 1998.

Lon R. Sweeney, of Cleveland, OH, pro se.

Jeannette L. Bisson, Attorney, Legal Policy Division, United States Postal Service, of Washington, DC, for respondent. With her on brief were Frank W. Hunger, Assistant Attorney General, Civil Division, Department of Justice, of Washington, DC, and R. Andrew German, Chief Counsel, United States Postal Service.

Before RICH, NEWMAN, and LOURIE, Circuit Judges.

Opinion for the court filed by Circuit Judge Newman. Dissenting opinion filed by Circuit Judge Lourie.

PAULINE NEWMAN, Circuit Judge.

Lon R. Sweeney, appearing *pro se*, petitions for review of the decision of the Merit Systems Protection Board, Docket No.

CH0752970390–I–1, 79 M.S.P.R. 261, wherein the Board dismissed Mr. Sweeney's request for consideration of the actions of the Postal Service in asserted contravention of a settlement agreement. We vacate the dismissal and remand for consideration of the issues raised by petitioner.

## BACKGROUND

Mr. Sweeney was suspended indefinitely by the Postal Service on February 25, 1997 by notice dated February 26, based on specified charges. On March 11, 1997 he filed an appeal with the Board. On April 21, 1997 the Postal Service issued a Notice of Proposed Removal, reciting the incident on which he had been suspended. On June 26, 1997 Mr. Sweeney and the Postal Service entered into a written settlement agreement, as follows:

1. This agreement shall not serve as a precedent for resolving any other complaints.

2. It is understood by the parties that this Agreement is in full and complete settlement of all EEO complaints or appeals, in this or any other forum, filed by the appellant or on his behalf relating to this matter. The Settlement resolves all the issues related to Appellant's Merit Systems Protection Board Appeal, Docket No. CH–0752–97–0390–I–1, 79 M.S.P.R. 261 and Appellant withdraws his MSPB appeal. It is understood that in withdrawing all appeals and complaints, appellant waives his right to an oral hearing or further appeal on the matters raised. It is further stipulated that such withdrawals are made without threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement.

3. It is agreed that the notice of emergency off duty placement dated 2/26/97 is expunged from Appellant's record and he shall be paid backpay from 2/25/97 through 3/10/97.

The agreement was signed on June 25, 1997 by Mr. Sweeney and his designated representative, Velma Chism; and on June 26, 1997 by Elaine Dombin, the Postal Service's representative. It was promptly sent to the Board for entry. A letter from the Postal Service dated June 27, 1997, referring to the Notice of Proposed Removal, informed Mr. Sweeney that he was removed from the Postal Service, effective July 2, 1997.

On June 30, 1997 the administrative judge (AJ) issued an order determining that the settlement agreement was lawful and freely made, and entered it into the record for enforcement purposes. The AJ then dismissed Mr. Sweeney's appeal.

On July 25, 1997 Mr. Sweeney petitioned the Board to review the AJ's June 30, 1997 order, stating "I have been fired after this was expunged from my record." Mr. Sweeney stated that the settlement "was the result of fraud," and asked to "reopen" his case and to be returned to work. The Board denied the petition, suggesting that if the agency's action was "a subsequent action," it required a separate appeal to the Board. The Board gave 30 days for filing a new appeal. Mr. Sweeney appeals the Board's decision.

## DISCUSSION

■ We affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Interpretation of a settlement agreement is a question of law receiving plenary review. *King v. Department of Navy*, 130 F.3d 1031, 1033 (Fed.Cir.1997).

■ Mr. Sweeney, in his appeal to this court, expresses general concern and dismay as to the procedures followed and actions taken. He stresses that his removal was on the same grounds that had been, by the settlement agreement, expunged from his record. He states that the agreement by its terms settled all issues related to his appeal, and required him to withdraw all appeals and complaints on these matters. Mr. Sweeney states: "The agreement was supposed to be in good faith by order of the Judge, but it was not. Two days after the agreement was signed, June 25, 1997, I was discharged."

The agency's only response is that Mr. Sweeney was required to file a separate appeal, and that it is now too late for him to do so. Mr. Sweeney disputes the assertion that he should have filed another appeal. He points to the settlement agreement, wherein he agreed that he would file "no further appeals on the matters raised." He suggests that the settlement was a "fraud," and that he was misled and deceived into the belief that it was the "full and complete settlement" it announced.

A settlement agreement is a contract between the parties. *Mahboob v. Department of Navy*, 928 F.2d 1126, 1128 (Fed. Cir.1991). In accordance with principles of contract law, an implied term of every settlement agreement is that the parties deal in good faith with each other. *King*, 130 F.3d at 1033–34; *Link v. Department of Treasury*, 51 F.3d 1577, 1582 (Fed.Cir.1995); *McCall v. United States Postal Service*, 839 F.2d 664, 667 (Fed.Cir.1988). Although settlement agreements in which employees voluntarily waive their right of appeal are permissible, if an agency acts in bad faith it has breached the agreement. *McCall*, 839 F.2d at 667; *see King*, 130 F.3d at 1033–34 (as a breaching party the agency can not enforce the agreement).

We do not know the true basis of the agency's action. However, on its face the action is not one that a reasonable observer of the "full and complete settlement" language would view as including only the pending suspension and excluding the pending proposed removal on the same grounds. The settlement agreement was entered into while both the suspension and proposed removal were pending, and "resolve[d] all the issues related to" Mr. Sweeney's appeal, requiring Mr. Sweeney to waive his right to an oral hearing or further appeal "on the matters raised." The acts that were the basis for the suspension were by the agreement expunged from his record. Thus if the removal was not part of the settlement, the grounds of the removal were expunged before that action

was taken, one day following the agency's execution of the agreement and its submission to the Board. The scope of the agreement and the *bona fides* of the agency actions were squarely placed at issue in Mr. Sweeney's petition to the full Board. It was inappropriate for the Board to require him to start again in an entirely separate appeal, when the actions complained of relate directly to the settlement of the case that was before the Board.

We therefore vacate the Board's dismissal, and remand for consideration of the issues raised by petitioner.

*VACATED AND REMANDED.*

LOURIE, *Circuit Judge*, dissenting.

I respectfully dissent.

The majority opinion reflects the view that Sweeney was unjustly fired after a settlement had been reached. However, whether or not the agency acted properly, I do not believe the merits of the firing are before us. The AJ decided that Sweeney's appeal, which Sweeney took more than a month before the notice of removal, should be dismissed in light of the settlement agreement. The full Board denied review, noting that any petition from a subsequent action by the agency had to be the subject of a separate appeal. I think that is correct.

Whether or not Sweeney had a basis to challenge the agency's pre-appeal compliance with the settlement agreement, or had a basis to challenge his subsequent removal, his claim that the agency breached the settlement agreement by his firing was not the subject of his appeal and was not decided by the AJ. Thus, the Board was correct and I would affirm the dismissal.