82 F.3d 432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel G. McDANIEL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3657.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 After directing Samuel G. McDaniel to show cause why his petition for review should not be dismissed, we directed the United States Postal Service to respond. The Postal Service responds, requesting that the petition for review be dismissed. McDaniel also submits a response.
 
 
 2
 McDaniel appealed his removal to the Merits Systems Protection Board. The Board assigned docket number SF-0752-0403-I-1 to the appeal. McDaniel requested a continuance from the Administrative Judge (AJ) in order to obtain legal counsel. On May 10, 1995, the AJ dismissed the appeal without prejudice to refiling within 60 days. McDaniel wrote to the AJ on May 15, 1995 requesting that his appeal be dismissed. In that letter, McDaniel requested "that all actions of appeal concerning this wrongful discharge be drop[ped] at this time." In a May 16, 1995 order, the AJ stated that McDaniel had timely refiled his appeal and dismissed the appeal with prejudice. The Board assigned a new docket number to the proceeding, SF-0752-0403-I-2. The May 16, 1995 initial decision indicated that it would become final for purposes of review in this court on June 20, 1995, and that it would not be a final decision of the Board if McDaniel filed a petition for review with the Board before that date.
 
 
 3
 On June 2, 1995, McDaniel faxed a letter to the Board's San Francisco regional office requesting reinstatement. In that letter, McDaniel states: "I am asking that all appeals be reopened or that a petition for review with the Board and the Union be consider[ed] as an option so I will have the right to pursue all these matter[s] within the United States District Court or any other at a later date if so needed." The Board treated the letter as a petition for review to the Board. In a letter dated June 5, 1995, McDaniel again requested either that his case be reinstated or that his letter be treated as a petition for review with the Board.
 
 
 4
 This court received a copy of the June 5, 1995 letter on June 12, 1995. We informed McDaniel that we were treating the June 5, 1995 letter as a premature petition for review to this court and were returning the letter because "[i]t appears that the initial decision of the board has not become final." We also informed McDaniel that he could petition this court for review after the initial decision became final. On July 3, 1995, McDaniel again petitioned this court for review.*
 
 
 5
 On August 17, 1995, the Board denied McDaniel's "petition for review of the initial decision issued on May 16, 1995." McDaniel has not petitioned this court for review of the August 17, 1995 Board decision.
 
 
 6
 Under Board regulations, an initial decision becomes final for purposes of review in this court 35 days after issuance, unless, inter alia, a party files a petition for review with the Board within that 35-day period. 5 C.F.R. § 1201.113(a). If a party petitions the Board for review within the 35-day period, then the AJ's initial decision does not become final. In this case, on June 2, 1995 McDaniel timely sought review by the Board. McDaniel petitioned this court for review on July 3, 1995. However, the May 16, 1995 initial decision was not a final, appealable decision of the Board because McDaniel had timely petitioned the Board for review of the AJ's initial decision. The Board did not issue a decision on McDaniel's petition for Board review until August 17, 1995. Thus, McDaniel's July 3, 1995 petition for review to this court was interlocutory because the matter was before the Board. No judicial petition for review may be taken while a case is still pending at the Board. Howell v. Merit Sys. Protection Bd., 785 F.2d 282, 284 (Fed.Cir.1986). This petition for review, therefore, must be dismissed. See 5 U.S.C. § 7703(b)(1).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) McDaniel's petition for review is dismissed.
 
 
 9
 (2) The Postal Service's motion to reform the caption is moot.
 
 
 10
 (3) Each side shall bear its own costs.
 
 
 
 *
 The Board filed a certified list in connection with the I-1 case only. Until the Postal Service provided the court with information concerning the second case, this court was unaware that the I-2 case existed. We appreciate the efforts of Postal Service counsel in this matter. Upon review of the complete file, it is unarguably clear that McDaniel is seeking review of the May 16, 1995 order in the I-2 case